UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO.:

EDGARDO LANZA,
and other similarly situated individuals,

    Plaintiff(s),

v.

EASTER SEALS SOUTH FLORIDA, INC.

    Defendant,
_____/

## COMPLAINT
(OPT-IN PURSUANT TO 29 U.S.C § 216(b))

COMES NOW the Plaintiff EDGARDO LANZA, and other similarly situated individuals, by and through the undersigned counsel, and hereby sues the Defendant EASTER SEALS SOUTH FLORIDA, INC., individually and alleges:

### JURISDICTION VENUES AND PARTIES

1. This is an action to recover money damages for unpaid overtime wages under the laws of the United States. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiff EDGARDO LANZA is a resident of Miami-Dade County, Florida, within the jurisdiction of this Honorable Court. The Plaintiff is a covered employee for purposes of the Act.

3. Defendant EASTER SEALS SOUTH FLORIDA, INC. (hereinafter EASTER SEALS, or Defendant) is a Florida Not for Profit Corporation having its main place

of business in Miami-Dade County. The Defendant was engaged in interstate commerce.

4. All the actions raised in this complaint took place in Dade County Florida, within the jurisdiction of this Court.

## GENERAL ALLEGATIONS

5. This cause of action is brought by Plaintiff EDGARDO LANZA, and other similarly situated employees to recover from Defendant overtime compensation liquidated damages, and the costs and reasonable attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT").

6. Corporate Defendant EASTER SEALS is a non-profit provider of health and human services to children and adults with physical and mental disabilities and special needs.  EASTER SEALS operates several schools and daycare facilities throughout Miami, Dade County, and Broward.

7. The Defendant EASTER SEALS employed Plaintiff EDGARDO LANZA as a non-exempt, full-time, hourly employee, approximately from 1998 to October 01, 2019, or 21 years. However, for FLSA purposes de relevant period of employment is 148 weeks.

8. At the time of his termination, Plaintiff's wage-rate was $13.00 an hour.  The Plaintiff worked at the school and main office located at 1475 NW 14 Avenue Street, Miami Florida 33125.

9. During his time of employment, the Plaintiff worked as a maintenance employee. The Plaintiff's duties included general maintenance work such as repairing,

painting, plumbing, and light electric work for all the facilities operated by EASTER SEALS. To perform his work Plaintiff drove a company cargo-van.

10. The Plaintiff worked 5 days per week from Mondays to Fridays, but he had an irregular schedule. Every day, Plaintiff reported working at 8:00 or 8:30 AM. Two days per week, Plaintiff worked 8 hours daily at the main location, but at least 3 days during the week, Plaintiff was sent to perform maintenance work to other facilities, when he completed his work, Plaintiff had to return to the main office to close the doors of the school and to leave the van. Those days, Plaintiff clocked-out at 5:30 and 6:00 PM. Every week, considering only a clock-out time at 5:30 PM, Plaintiff completed a minimum of 44.5 working hours.

11. The Plaintiff worked in excess of 40 hours every week, but he was paid for just 40 regular hours. The Plaintiff was not paid for a minimum of 4.5 overtime hours weekly.

12. In addition, during special events, which were organized at least 5 times per year, the Plaintiff worked weeks of 51 or more hours.

13. During the relevant time of employment, Plaintiff clocked in and out, the Defendant was in complete control of Plaintiff's working hours, and it was able to keep track of the Plaintiff total number of working hours

14. Therefore, Defendants willfully failed to pay Plaintiff overtime hours at the rate of time and one-half his regular rate for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1). and 29 U.S.C. § 201 et seq.

15. The Plaintiff is not in possession of time and payment records, but he will provide a good faith estimate based only on a workweek of 44.5 hours, plus 5 weeks per year with 51 working hours.  After proper discovery, Plaintiff is going to amend his calculations.

16. The Plaintiff was fired on or about October 01, 2019, due to discriminatory reasons. The Plaintiff is in the process of filing his Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC).

17. The Plaintiff and all individuals similarly situated were paid bi-weekly, and their paystubs never reflected the real number of working hours.

18. Plaintiff EDGARDO LANZA seeks to recover unpaid overtime hours, and any other relief as allowable by law.

19. The additional persons who may become Plaintiffs in this action, are employees and/or former employees of Defendant who are and who were subject to the unlawful payroll practices and procedures of Defendant and were not paid overtime wages at the rate of time and one half of their regular rate of pay for all overtime hours worked in excess of forty.

### COUNT I:
### WAGE AND HOUR FEDERAL STATUTORY VIOLATION;
### FAILURE TO PAY OVERTIME, AGAINST ALL DEFENDANT

20. Plaintiff EDGARDO LANZA re-adopts every factual allegation as stated in paragraphs 1-19 above as if set out in full herein.

21. This cause of action is brought by Plaintiff EDGARDO LANZA and those similarly-situated as a collective action to recover from Defendant overtime compensation, liquidated damages, costs, and reasonable attorney's fees under the

provisions of the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT"), on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked in excess of forty (40) hours during one or more weeks on or after November 25, 2016 (the "material time") without being compensated "at a rate not less than one and a half times the regular rate at which he is employed."

22. 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207. 29 U.S.C. § 207 (a)(1) states, " No employer shall employ any of his employees… for a workweek longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and a half times the regular rate at which he is employed."

23. Defendant EASTER SEALS was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s) (1)(A). The Defendant provides health and human services to children and adults with physical and mental disabilities and special needs.  Defendant has more than two employees recurrently engaged in commerce or in the production of goods for commerce by regularly and recurrently using the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources; by using electronic devices to authorize credit card transactions. Upon information and belief, the annual gross revenue of the Employer/Defendant was in excess of $500,000 per annum. By reason of the foregoing, Defendant's business activities involved those to which the Fair Labor Standards Act applies. Therefore, there is FLSA enterprise coverage.

24. The Plaintiff and those similarly situated were employed by an enterprise engaged in interstate commerce. Particularly, Plaintiff was a driver and maintenance employee, through his daily activities, he worked and handled and on goods and materials that were moved across State lines at any time in the course of business. Therefore, there is individual coverage.

25. The Defendant EASTER SEALS employed Plaintiff EDGARDO LANZA as a non-exempt, full-time, hourly maintenance approximately from 1998 to October 01, 2019, or 21 years. However, for FLSA purposes de relevant period of employment is 148 weeks.

26. During his relevant time of employment, the Plaintiff was paid $11.00 and $13.00 an hour.

27. While employed by Defendant, Plaintiff EDGARDO LANZA regularly worked a minimum of 44.5 hours per week. However, he was paid for only forty (40) hours per week.

28. In addition, during special events, which were organized at least 5 times per year, the Plaintiff worked weeks of 51 or more hours. Regardless the number of hours worked, Plaintiff was paid for only 40 hours weekly.

29. Plaintiff clocked in and out and the Defendant was in complete control of Plaintiff's working hours, and it was able to keep track of the Plaintiff total number of working hours

30. Therefore, Defendants willfully failed to pay Plaintiff overtime hours at the rate of time and one-half his regular rate for every hour that he worked in excess of forty

(40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1). and 29 U.S.C. § 201 et seq.

31. The Plaintiff was paid bi-weekly with checks and paystubs that did not reflect the real number of hours worked.

32. The Plaintiff is not in possession of time and payment records, but he will provide a good faith estimate based only on a workweek of 44.5 hours, plus 5 weeks per year with 51 working hours. After proper discovery, Plaintiff is going to amend his calculations.

33. The records, if any, concerning the number of hours worked by the Plaintiff and all other employees, and the compensation actually paid to such employees should be in the possession and custody of the Defendant. However, upon information and belief, Defendant did not maintain accurate and complete time records of hours worked by Plaintiff and other employees in the asserted class.

34. Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

35. Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments. Defendants violated the Posting requirements of 29 U.S.C. § 516.4.

36. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, the Plaintiff's good faith estimate of unpaid wages are as follows:

*Please note that these amounts are based on a preliminary calculation and that these figures could be subject to modification. Adjustments will be made after proper discovery.

   a. <u>Total amount of alleged unpaid O/T wages</u>:

   Thirteen Thousand Two Hundred Twenty-One Dollars and 75/100 ($13,221.75)

   b. <u>Calculation of such wages</u>:

   Total time of employment: 21 years
   Relevant weeks of employment: 148 weeks

   <u>1.- Overtime calculations for 109 weeks paid at $11.00 an hour</u>

   i.- O/T for 99 weeks with 44.5 hours weekly
      Total number of relevant weeks: 99
      Total number of hours worked: 44.5 hours average weekly
      Total number of unpaid O/T hours: 4.5 hours
      Rate paid: $11.00 an hour x 1.5=$16.50 O/T rate
      O/T rate: $16.50 an hour

   O/T rate $16.50 x 4.5 O/T hours=$74.25 weekly x 99 weeks=$7,350.75

   ii.- O/T for 10 weeks with 51 hours weekly
      Total number of relevant weeks: 10
      Total number of hours worked: 51 hours average weekly
      Total number of unpaid O/T hours: 11 hours
      Rate paid: $11.00 an hour x 1.5=$16.50 O/T rate
      O/T rate: $16.50 an hour

   O/T rate $16.50 x 11 O/T hours=$181.50 weekly x 10 weeks=$1,815.00

   <u>2.- Overtime calculations for 39 weeks paid at $13.00 an hour</u>

   i.- O/T for 34 weeks with 44.5 hours weekly
      Total number of relevant weeks: 34
      Total number of hours worked: 44.5 hours average weekly
      Total number of unpaid O/T hours: 4.5 hours
      Rate paid: $13.00 an hour x 1.5=$19.50 O/T rate
      O/T rate: $19.50 an hour

   O/T rate $19.50 x 4.5 O/T hours=$87.75 weekly x 34 weeks=$2,983.50

   ii.- O/T for 5 weeks with 51 hours weekly
      Total number of relevant weeks: 5
      Total number of hours worked: 51 hours average weekly
      Total number of unpaid O/T hours: 11 hours
      Rate paid: $13.00 an hour x 1.5=$19.50 O/T rate

      O/T rate: $19.50 an hour

      O/T rate $19.50 x 11 O/T hours=$214.50 weekly x 5 weeks=$1,072.50

      Total 1 and 2= $13,221.75

   c. <u>Nature of wages (e.g. overtime or straight time):</u>

      This amount represents unpaid overtime wages.

37. At all times material hereto, the Employer/Defendant EASTER SEALS failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. In that, Plaintiff and those similarly-situated performed services and worked in excess of the maximum hours provided by the Act but no provision was made by the Defendant to properly pay him at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act.

38. Defendant EASTER SEALS knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remains owing Plaintiff and those similarly-situated these overtime wages since the commencement of Plaintiff and those similarly-situated employee's employment with Defendant as set forth above, and Plaintiff and those similarly-situated are entitled to recover double damages.

39. Defendant EASTER SEALS willfully and intentionally refused to pay Plaintiff overtime wages as required by the law of the United States and remains owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendant, as set forth above.

40. The Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff EDGARDO LANZA and those similarly situated respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff and other similarly situated and against the Defendant EASTER SEALS based on Defendant's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

JURY DEMAND

Plaintiff EDGARDO LANZA and those similarly situated demand trial by a jury of all issues triable as of right by jury.

Dated:  January 16, 2020

    Respectfully submitted,

    By:  **/s/ Zandro E. Palma**
    ZANDRO E. PALMA, P.A.
    Florida Bar No.: 0024031
    9100 S. Dadeland Blvd.
    Suite 1500
    Miami, FL 33156
    Telephone: (305) 446-1500
    Facsimile:  (305) 446-1502
    zep@thepalmalawgroup.com
    *Attorney for Plaintiff*